UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Jason Carvell**

    v.

                    Civil No. 14-cv-5-PB

**Edward Reilly, Warden, Northern New Hampshire Correctional Facility**

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2254, Jason Carvell, proceeding pro se, has filed a petition for a writ of habeas corpus (doc. no. 1) and a motion to amend petition (doc. no. 7)[1] alleging that his state court criminal conviction and sentence violate his federal constitutional rights.  Before the court is Respondent's motion to dismiss the petition as untimely (doc. no. 10).  Carvell objects (doc. no. 15).

**Background**

On December 4, 2009, Carvell was convicted of two counts of aggravated felonious sexual assault ("AFSA"), one count of felonious sexual assault, one misdemeanor count of criminal threatening and one misdemeanor count of endangering the welfare of a child in the New Hampshire Superior Court, Grafton County ("GCSC").  On February 23, 2010, Carvell was sentenced to serve two consecutive terms of 10 - 20 years in the New Hampshire State Prison on the two counts of AFSA, and to suspended sentences on the remaining charges.

---

[1] Petitioner's motion to amend was granted on June 12, 2014.

After he was convicted, Carvell filed a direct appeal in the New Hampshire Supreme Court ("NHSC") challenging the trial court's denial of his motions for a mistrial and denying his motion to dismiss one of the felonious sexual assault charges. The NHSC affirmed Carvell's conviction on March 29, 2011.

On March 6, 2012, Carvell filed a motion for new trial in the GCSC on the grounds that he was denied the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Part 1, Article 15 of the New Hampshire Constitution. Carvell's motion for new trial was denied by the GCSC on September 29, 2012. On October 16, 2012, Carvell filed a discretionary appeal of the denial of his motion for new trial. The NHSC declined the appeal in an order issued December 6, 2012.[2] Carvell then filed the instant petition for federal habeas relief (doc. no. 1) and amendment (doc. no. 7) asserting that his conviction and sentence violate the Sixth and Fourteenth Amendments to the United States Constitution. Respondent has moved to dismiss on the grounds that Carvell's petition is time-barred, See Mot. to Dismiss (doc. no. 10). Carvell has objected, contending, among other

---

[2] In 2010, while his direct appeal was still pending, Carvell filed an earlier motion to set aside the verdict and for a new trial. The trial court denied the motion by order dated February 17, 2010. The 2010 motion for new trial does not affect the computation of time for statute of limitations purposes, and thus it is not addressed further in this Report and Recommendation.

2

things, that he is entitled to equitable tolling of the statute of limitations.  See Obj. to Mot. to Dismiss (doc. no. 15).

## Discussion

### I. Motion to Dismiss Standard

Respondent's motion is governed by Federal Rule of Civil Procedure 12(b)(6).  See Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009).  In ruling on such a motion, the court accepts all facts pleaded by the petitioner to be true, id., and can consider "matters of public record[] and other matters susceptible to judicial notice." Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014).  Where the petition and matters of public record show "that the limitations period has been exceeded," and do not "sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel," dismissal is appropriate.  Santana-Castro v. Toledo-Davila, 579 F.3d 109, 114 (1st Cir. 2009) (internal quotation marks and citation omitted).

### II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions.  See 28 U.S.C. §2244(d)(1); McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013); Herbert v. Dickhaut, 659

3

F.3d 105, 108 (1st Cir. 2012). AEDPA's one-year time limit runs from the date that the state court judgment of conviction becomes final by the conclusion of direct review or by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); McQuiggin, 133 S.Ct. at 1929; Herbert, 695 F.3d. at 108. AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Drew v. McEachern, 620 F.3d 16, 20 (1st Cir. 2010).

Respondent represents, and Carvell does not dispute, that after calculating the excluded time, he filed his petition for habeas relief beyond the deadline. The NHSC's decision affirming Carvell's conviction on direct appeal became final on March 29, 2011. Allowing for passage of the ninety-day period after the NHSC's final decision, during which Carvell could have filed a petition for a writ of certiorari in the United States Supreme Court, the one-year limitations period for filing a federal habeas petition began to run on June 27, 2011. See 28 U.S.C. § 2244(d)(1)(A).

Carvell filed a motion for new trial in the GCSC on March 6, 2012, however, which stopped the running of the limitations period. See id. at § 2244(d)(2). At that time, 253 days of the limitations period had run. The GCSC denied the motion for a new trial and

Carvell appealed the denial to the NHSC.  The NHSC declined the appeal on December 6, 2012.  Accordingly, the limitations period restarted on December 6, 2012, leaving 112 days in which Carvell could have timely filed his petition in this court.[3]  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (while state postconviction proceedings are pending, the AEDPA clock is stopped temporarily, but not reset, until the applications for relief are ruled on by the state courts).  The statute of limitations expired on or about April 7, 2013.  Carvell did not file his petition in this court until December 19, 2013, more than eight months later.[4]  The petition was thus filed out-of-time.

### III. Equitable Tolling

Carvell argues he is entitled to equitable tolling of the statute of limitations in this matter.  Specifically, Carvel asserts that he suffers from a learning disability, Attention Deficit Hyperactivity Disorder ("ADHD"), which, along with prison policies

---

[3] Carvell argues that Respondent miscalculated the expiration of the statute of limitations period by failing to exclude the fifteen-day period from October 1 – October 16, 2012, from the limitations period. Carvell is correct. Accordingly, the court excludes those days in its own calculations.

[4] Carvell's petition was dated December 19, 2013, but not docketed in this court until January 2, 2014. Under the "prison mailbox rule," however, the petition is deemed filed on the date Carvell delivered it to prison officials for mailing. See DeLong v. Dickhaut, 715 F.3d 382, 385 (1st Cir. 2013). The earliest date on which this could have occurred was December 19, 2013, and the court finds the petition to have been filed on that date.

and practices prohibiting inmates from assisting one another with research, a sub-standard law library, lack of consistent access to the law library, and his transfer to another facility, "severely hampered [his] ability to do legal research in a consistent and effective manner" and "significantly interfered with [his] ability to meet statutory deadlines."  See Obj. to Mot. to Dismiss (doc. no. 15) at 3-4.

The one-year statute of limitations in AEDPA is subject to equitable tolling.  See Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling "is limited to rare and exceptional cases" where the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012)(internal quotation marks and citations omitted).

A.   Carvell's Learning Disability

"[D]yslexia, learning disabilities, and illiteracy, standing alone, would not justify equitable tolling of the § 2244(d)(1) statute of limitations."  Clay v. Smith, 365 F. App'x 98, 103 (10th Cir. 2010); see also Heath v. Ault, 334 F. App'x 34, *1 (8th Cir. 2009) (unpublished) (learning disability in reading not extraordinary circumstances warranting equitable tolling of habeas petition); Turner v. Mills, 219 F. App'x 425, 429 (6th Cir. 2007)

(finding that equitable tolling not justified where "[Petitioner] does not explain how his mental and physical limitations, which no doubt made pursuing his rights more difficult, prevented him from diligently pursuing those rights altogether." (emphasis in original)); cf. Riva II v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010) ("Mental illness does not per se toll the ADEPA limitations period. There must be some causal link between a petitioner's mental illness and his ability to seasonably apply to file for habeas relief." (internal citations omitted)).

Accepting Carvell's allegations regarding his learning disability as true, he describes his ADHD as an "impediment to the petition in doing any kind of detailed legal research." Obj. to Mot. to Dismiss (doc. no. 15) at 3. Carvell does not allege or otherwise show, however, that his ADHD prevented him from complying with the filing deadline or rendered him incapacitated during the relevant time period. Carvell has not demonstrated that his learning disability constitutes an extraordinary circumstance to justify tolling of the statute of limitations in this matter.

B. Carvell's Access to Legal Resources

Carvell's other asserted grounds for the late filing of the petition: limited access to the law library, the library's purportedly scant legal resources, and his transfer to another facility, also fail to demonstrate extraordinary circumstances

7

warranting equitable tolling of the limitations period.  See Holmes, 685 F.3d at 62-63 (inmate's lack of legal training and limited legal resources are among the "usual problems inherent in being incarcerated" and thus did not justify equitable tolling (internal quotation marks and citations omitted)).

Carvell has not shown that extraordinary circumstances exist warranting equitable tolling.  Accordingly, the untimely filing of his habeas petition in this court should not be excused.

IV.  Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party."  § 2254 Rule 11(a).  The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Carvell has failed to make such a showing.  Accordingly, the district judge should decline to issue a certificate of appealability in this case.

### Conclusion

For the foregoing reasons, the respondent's motion to dismiss (doc. no. 10) should be granted, the habeas petition (doc. no. 1) as amended (doc. no. 7), should be dismissed, and the court should decline to issue a certificate of appealability in this case.  Any

8

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                                   _____
                                                   Andrea K. Johnstone
                                                   United States Magistrate Judge

January 28, 2015

cc:   Jason Carvell, pro se
      Elizabeth C. Woodcock, Esq.